```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
                                      :
                                      :   21-cv-7365 (JSR)
IN RE DITECH HOLDING CORP., et al.    :
                                      :   ORDER
                                      :
                                      :
--------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

    Before the Court is Darryl K. Browder's September 1, 2021 <u>pro se</u> motion for leave to appeal the Memorandum Decision and Order Granting the Joint Motion of the Plan Administrator and Consumer Representative to Enforce the Plan Injunctions and Confirmation Order Against Darryl K. Browder, Hold Him in Contempt, and Impose Sanctions, entered by the Bankruptcy Court (Garrity, B.J.), <u>In re Ditech Holding Corp.</u>, No. 19-10412 (JLG) (S.D.N.Y. Bankr. Aug. 20, 2021), ECF 3627 (Sanctions Order). The Court assumes the parties' familiarity with the facts and procedural posture of the underlying Bankruptcy Court proceedings and the several relevant actions litigated by Browder in Iowa's state and federal courts. <u>See generally</u> Sanctions Order at 2-15. For the reasons set forth below, the Court denies Browder's motion for leave to appeal.

    Browder's notice of appeal, ECF 1, and motion for leave to appeal, ECF 2, state that he is seeking leave to appeal an interlocutory order under Fed. R. Bankr. P. 8004. This Court would therefore have jurisdiction to hear an appeal under 28 U.S.C.

§ 158(a)(3). Since neither the Bankruptcy Rules nor section 158 provides guidelines for determining when leave is appropriate, "most district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b)." In re Futter Lumber Corp., 472 B.R. 20, 26 (E.D.N.Y. 2012) (quoting In re Cutter, 2006 WL 2482674, at *3 (E.D.N.Y. Aug. 29, 2006)). Under 28 U.S.C. § 1292(b), leave to appeal an interlocutory appeal is appropriate where the order appealed from "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Rule 8004(b)(1) requires a motion for leave to appeal an interlocutory order of the Bankruptcy Court to attach a copy of the order appealed from and to set forth the question presented by the appeal, the facts necessary to understand the question, the reason why leave to appeal should be granted, and the relief sought. Neither Browder's notice of appeal nor his motion for leave sets forth any factual or legal argument against the validity of the Bankruptcy Court's order. Nor does it set forth the question upon which appellate review is sought, the relief sought, or any reasons why leave to appeal should be granted. Browder has also failed to provide the order he seeks leave to appeal. The motion therefore fails to comply with all requirements of Fed. R. Bankr. P. 8004(b)(1), and

2

it nowhere indicates why leave to appeal the Sanctions Order under 28 U.S.C. § 158(a)(3) would be appropriate. As a *pro se* litigant, Browder's papers are to be liberally construed. But even on the most liberal construction, his papers fail to articulate the basis of his appeal or any reason why leave would be appropriate. Nor, after reviewing the Sanctions Order, does this Court perceive a clear basis for interlocutory review.

    Therefore, Browder's motion for leave to appeal is denied. The Clerk is directed to close the case.

    SO ORDERED

Dated:    New York, NY
           September 18, 2021

                                            JED S. RAKOFF, U.S.D.J.